# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONNA M. ADKINS-WOODS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0775**  (BOR Appeal No. 2045312)
                    (Claim No. 2010121388)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BOONE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna M. Adkins-Woods, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Boone County Board of Education, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 12, 2011, in which the Board reversed a November 16, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 8, 2010, decision rejecting the claim for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Adkins-Woods filed a claim for workers' compensation benefits for carpal tunnel syndrome, alleging that she suffers from carpal tunnel syndrome as a result of the typing and handwriting required for the performance of her job as a speech-language pathologist. On February 8, 2010, the claims administrator rejected the claim, and on November 16, 2010, the Office of Judges reversed the claims administrator's decision and held the claim compensable for carpal tunnel syndrome. On April 12, 2011, the Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision based on a finding that Ms. Adkins-Woods's occupation did not fall within one of the occupational categories found to be at high risk for the development of carpal tunnel syndrome, which are identified in West Virginia Code of State Rules § 85-20-41.5 (2006).

The Board of Review did not rely on any medical evidence in making its determination that Ms. Adkins-Woods did not develop carpal tunnel syndrome as a result of her employment, and instead relied solely on its finding that her occupation did not place her at an increased risk for the development of carpal tunnel syndrome. However, West Virginia Code of State Rules § 85-20-41.5 does not preclude those individuals who are not engaged in one of the types of employment identified as being at an increased risk for the development of carpal tunnel syndrome from prosecuting a claim. As noted by the Office of Judges, Dr. Hill, Ms. Adkins-Woods's chiropractor, diagnosed her with a repetitive strain injury and found that she suffers from carpal tunnel syndrome, and an EMG revealed that she suffers from median nerve neuropathy in both wrists. Moreover, Dr. Hill opined in a set of questions provided by the claims administrator that Ms. Adkins-Woods suffers from carpal tunnel syndrome, and that the condition is a result of the repetitive use of her hands during the course of her employment. The reports from Dr. Hill and the results of the EMG are the only medical reports of record. Based on the evidence of record, the Office of Judges' conclusion that Ms. Adkins-Woods established by a "very slight preponderance" of the evidence that she developed carpal tunnel syndrome as a result of her employment is correct, and the decision of the Office of Judges should therefore be reinstated.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law, and is also based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with the instruction to reinstate the November 16, 2010, Order of the Office of Judges holding the claim compensable for carpal tunnel syndrome.

Reversed and remanded.

**ISSUED:  March 6, 2013**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**Dissenting:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis